## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

| | | |
|---|---|---|
| **UNITED STATES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:18-cr-0012** |
| | ) | |
| **JESUS DEL ROSARIO-RONDON,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## ORDER

**BEFORE THE COURT** is the motion of Jesus Del Rosario-Rondon ("Rosario-Rondon") captioned "Motion Requesting Home Confinement Amid COVID-19." (ECF No 88.) For the reasons stated below, the Court will transfer the motion in part to the Southern District of Georgia and deny the motion without prejudice in part.

On June 15, 2018, Rosario-Rondon pled guilty to conspiracy to possess with the intent to distribute at least 15 but less than 50 kilograms of cocaine. On October 25, 2018, the Court sentenced Rosario-Rondon to a term of imprisonment of 81 months and five years supervised release.

On July 8, 2020, Rosario-Rondon filed a motion requesting that the Court place him in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") Section 12003(b)(2). (ECF No. 88). The United States has not filed a response to Rosario-Rondon's motion.

"Under 18 U.S.C. § 3621(b), the [Bureau of Prisons ("BOP")] is vested with authority to determine the location of an inmate's imprisonment." *Woodall v. Fed. Bureau of Prisons*, 432 F.3d 235, 239 (3d Cir. 2005). "A more specific provision, 18 U.S.C. § 3624(c), describes the BOP's obligation to prepare prisoners for community re-entry. " *Id.* Pursuant to 18 U.S.C. § 3624(c)(2), the BOP is authorized to "place a prisoner in home confinement for the shorter of 10 percent of the term of imprisonment of that prisoner or 6 months." 18 U.S.C. § 3624(c)(2).

*United States v. Rosario-Rondon*
Case No. 3:18-cr-0012
Order
Page 2 of 3

On March 27, 2020, the CARES Act was signed into law. Subject to certain findings, Section 12003(b)(2) of the CARES Act provides that

> the Director of the [BOP] may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18, United States Code, as the Director determines appropriate.

CARES Act, Pub. L. No. 116-136, § 12003(b)(2) (2020).

A prisoner may challenge the execution of his sentence, including the BOP's application of 18 U.S.C. § 3624(c), in a habeas petition pursuant to 28 U.S.C. § 2241. *See Woodall*, 432 F.3d at 243. A district court has jurisdiction to grant habeas relief pursuant to 28 U.S.C. § 2241 only if the institution in which the prisoner is confined is located within the court's physical jurisdiction. *See Bruce v. Warden Lewisburg USP*, 868 F.3d 170, 178 (3d Cir. 2017).

Here, Rosario-Rondon indicates in his motion that he is serving his sentence of imprisonment at the McRae Correctional Facility in McRae-Helena, Georgia. That facility is located in the Southern District of Georgia. As such, to the extent Rosario-Rondon challenges the BOP's application of 18 U.S.C. § 3624(c) to him pursuant to 28 U.S.C. § 2241, this Court lacks jurisdiction to consider his claim. Thus, to the extent Rosario-Rondon raises a claim pursuant to 28 U.S.C. § 2241, the Court will transfer such claim to the Southern District of Georgia.

To the extent Rosario-Rondon is seeking compassionate release pursuant to 18 U.S.C. § 3582 ("Section 3582"), that section grants the sentencing court authority to modify a sentence imposed under certain conditions. Section 3582 provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction; . . .
>
> . . .

*United States v. Rosario-Rondon*
Case No. 3:18-cr-0012
Order
Page 3 of 3

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Rosario-Rondon does not assert that he made any request to the BOP to move for compassionate release on his behalf. As such, the Court will deny the motion for Rosario-Rondon's failure to exhaust his administrative remedies.

The premises considered, it is hereby

**ORDERED** that, to the extent Rosario-Rondon raises a claim pursuant to 28 U.S.C. § 2241, the Clerk of Court shall **TRANSFER** such claim to the Southern District of Georgia; and it is further

**ORDERED** that, to the extent Rosario-Rondon seeks compassionate release pursuant to 18 U.S.C. § 3582, his motion, ECF No. 88, is **DENIED** without prejudice.

**Dated:** July 14, 2020

*/s/ Robert A. Molloy*
**ROBERT A. MOLLOY**
**District Judge**