DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| UNITED STATES, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 3:18-cr-0012 |
| JESUS DEL ROSARIO-RONDON, | ) ) ) |
| Defendant. | ) ) |

## ORDER

**BEFORE THE COURT** is the motion of Jesus Del Rosario-Rondon ("Rosario-Rondon") captioned "Motion To Request a Review on Rosario-Rondon's Motion Requesting Home Confinement" which the Court construes as a renewed motion for compassionate release. (ECF No 90.) For the reasons stated below, the Court will deny the renewed motion.

On June 15, 2018, Rosario-Rondon pled guilty to conspiracy to possess with the intent to distribute at least 15 but less than 50 kilograms of cocaine. On October 25, 2018, the Court sentenced Rosario-Rondon to a term of imprisonment of 81 months and five years supervised release.

On July 8, 2020, Rosario-Rondon filed a motion requesting that the Court place him in home confinement pursuant to the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act") Section 12003(b)(2). (ECF No. 88.) In that motion, Rosario-Rondon requested to be place on home confinement due to the generalized threat to prison populations presented by the COVID-19 pandemic. Rosario-Rondon asserted that he has been serving his sentence in the privately-managed McRae Correctional Institute in McRae-Helena, Georgia, ("CI McRae") where Rosario-Rondon alleges there have been confirmed positive COVID-19 cases among inmates and staff.[1] Significantly, Rosario-Rondon did not assert in his motion that he had made any request to the Bureau of Prisons ("BOP") to move for compassionate

---

[1] As of the date of this order, the Bureau of Prisons website reports that there are 2 confirmed currently active cases of COVID-19 among inmates at CI McRae. *See COVID-19 Cases: Full breakdown and additional details*, https://www.bop.gov/coronavirus/ (last visited July 31, 2020). Further, 14 inmates have recovered while 1 inmate has died. *Id.*

*United States v. Rosario-Rondon*
Case No. 3:18-cr-0012
Order
Page 2 of 3

release on his behalf. As such, on July 14, 2020, the Court denied Rosario-Rondon's motion without prejudice for his failure to satisfy the exhaustion requirements of 18 U.S.C. § 3582(c)(1)(A).[2] (ECF No. 89.)

Thereafter, on July 23, 2020, Rosario-Rondon filed the instant motion, renewing his request for compassionate release pursuant to 18 U.S.C. § 3582. (ECF No. 90.) Attached to his renewed request, Rosario-Rondon includes a response from the warden of CI McRae denying his request to move for compassionate release on his behalf. (ECF No. 90-2.) That response is dated June 17, 2020. Beyond the generalized threat of the COVID-19 pandemic, Rosario-Rondon does not assert that any additional extraordinary and compelling reasons warranting a reduction in sentence exist.

Pursuant to 18 U.S.C. § 3582 ("Section 3582"), a sentencing court has the authority to modify a sentence imposed under certain conditions. Section 3582 provides in pertinent part that

> (A) the court, . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment . . ., after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction; . . .
> >
> > . . .
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1).

The Third Circuit has explained that, prior to a District Court considering a defendant's motion for compassionate release pursuant to Section 3582, either (1) the Bureau of Prisons ("BOP") must have had 30 days to consider the defendant's request that the BOP move for compassionate release on his behalf, or (2) the defendant must

---

[2] The Court also transferred Rosario-Rondon's motion in part to the Southern District of Georgia to the extent that he sought to challenge the Bureau of Prison's application of 18 U.S.C. § 3624(c) to him pursuant to 28 U.S.C. § 2241.

administratively exhaust an adverse decision by the BOP in response to that defendant's request within that time period. *See United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020).

Here, Rosario-Rondon received a response denying his request that the BOP move for compassionate release on his behalf more than 30 days ago, on June 16, 2020. Given this, it is clear that the 30-day exhaustion period has expired. As such, the Court has the authority to consider the merits of Rosario-Rondon's motion.

With respect to the merits, Rosario-Rondon does not argue that any other extraordinary or compelling reasons beyond the existence of COVID-19 warrant a reduction in his sentence. Significantly, the Third Circuit has explained that "the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." *Raia*, 954 F.3d at 597. As such, the Court will deny Rosario-Rondon's renewed motion for compassionate release for his failure to demonstrate any extraordinary or compelling reasons to reduce his sentence.

The premises considered, it is hereby

**ORDERED** that Rosario-Rondon's motion for compassionate release, ECF No. 90, is **DENIED**.

**Dated:** July 31, 2020                               */s/ Robert A. Molloy*
                                                       **ROBERT A. MOLLOY**
                                                       **District Judge**