**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS**
**DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No. 3:18-cr-0012 |
| ) | |
| **JESUS DEL ROSARIO-RONDON,** ) | |
| ) | |
| **Defendant.** ) | |

**ORDER**

**BEFORE THE COURT** is Defendant Jesus Del Rosario-Rondon's ("Rosario-Rondon") motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255. (ECF No. 77.) On June 8, 2020, the Government opposed the motion. (ECF No. 87.) On September 8, 2020, Rosario-Rondon filed his reply. (ECF No. 96.) For the reasons that follow, the Court will deny the motions.

**I. BACKGROUND**

Rosario-Rondon was charged by an information with conspiracy to possess with intent to distribute cocaine (Count 1) and possession with intent to distribute cocaine (Count 2). (ECF No. 23.) On June 15, 2018, Rosario-Rondon pleaded guilty to Count 1 pursuant to a plea agreement. As part of the plea agreement, Rosario-Rondon waived his right to appeal any sentence within the maximum provided in the statute of conviction or the manner in which that sentence was determined, on the grounds set forth in 18 U.S.C. § 3742(a) or any other ground whatever, as well as right to petition under 28 U.S.C. § 2255, except on the ground of ineffective assistance of counsel. (ECF No. 54.) On January 30, 2019, the Court sentenced Rosario-Rondon to 81 months imprisonment and five years of supervised release. (ECF No. 69.) After Rosario-Rondon filed an appeal of his sentence, the Third Circuit on October 22, 2019, granted the Government's motion for summary affirmance based on Rosario-Rondon's waiver of appeal. (ECF No. 79.)

Thereafter, Rosario-Rondon filed the instant section 2255 motion asserting ineffective assistance of counsel based on counsel's "failure to follow Del Rosario Rondon's

request to appeal to request the minor role adjustment and to request a reduction of sentence under the hardship 3553 at sentence hearing and later on, on appeal." (ECF No. 96 at 2.)

## II. LEGAL STANDARD

Under the Antiterrorism and Effective Death Penalty Act of 1996, a prisoner in federal custody may file a motion to challenge his sentence on the grounds that the sentence was imposed in violation of the Constitution or federal laws, that the court was without jurisdiction to impose the sentence, that the sentence was in excess of the maximum authorized by law, or that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a).

To succeed on an ineffective assistance of counsel claim by a section 2255 motion, a prisoner must: 1) prove his counsel's representation was deficient and 2) demonstrate that the representation "prejudiced the defense." *Strickland v. Washington*, 466 U.S. 668, 687 (1984). For the representation to be deemed "deficient," the court must find that the performance fell below an objectively reasonable standard of representation. *Id.* at 688-89. Further, under *Strickland*, a prisoner must demonstrate prejudice, meaning that the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The movant bears the burden of establishing each of the two prongs by a preponderance of the evidence. *United States v. Serrano*, 798 F. Supp. 2d 634, 641 (E.D. Pa. 2011) (citing *Wright v. United States*, 624 F.2d 557, 558 (5th Cir. 1980)).

## III. DISCUSSION

Rosario-Rondon asserted that his counsel rendered ineffective assistance to him by failing to follow his instruction to raise on direct appeal a minor role adjustment under U.S.S.G. § 3B1.2 in light of Amendment 794, and to request a reduction of sentence based on hardship. (ECF No. 78.) The Government asserted that even if counsel made a claim of eligibility for a minor role application it would have been denied, and Rosario-Rondon's sentence was below the statutory maximum and within the advisory guidelines range.

At the plea hearing, Rosario-Rondon stated that he reviewed the plea agreement with his counsel and was satisfied with his representation. Rosario-Rondon does not claim that his plea of guilty was not knowing and voluntary or that counsel failed to adequately explain the guidelines for his sentence. The plea agreement included the terms that "[n]o chapter 3 adjustments apply," (ECF No. 54 ¶ 3.c.), and "there are no grounds for departure from the applicable guideline range," (*Id.* ¶ 3.j.). Importantly, Rosario-Rondon waived his right to challenge any sentence that is within the maximum provided in the statute of conviction or the manner in which that sentence was determined, or on any other grounds.

Counsel's performance could not have been deficient for failing to raise on appeal a minor role adjustment under U.S.S.G. § 3B1.2 or a hardship reduction because when he pleaded guilty Rosario-Rondon waived his right to appeal any sentence that is within the statutory maximum. *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (holding that knowingly and voluntary waivers of appeals are valid unless a sentencing error would work a miscarriage of justice). Rosario-Rondon was sentenced to 81 months imprisonment, which was below the statutory maximum of life imprisonment and within the advisory guideline range, and he failed to show any error in sentencing that would work a miscarriage of justice. *United States v. Khattak*, 273 F.3d 557, 562 (3d Cir. 2001) (explaining that "[t]here may be an unusual circumstance where an error amounting to a miscarriage of justice may invalidate the waiver").

Rosario-Rondon asserts that, had counsel raised a minor role adjustment and hardship grounds at sentencing, "his guideline level would be 25 with a range of 57-71 months instead of 70-87." (ECF No. 96 at 5.) However, counsel's failure to raise a minor role adjustment and hardship grounds could not have been deficient because such an argument would have been meritless considering the plea agreement which provided that no chapter 3 adjustments apply and there are no grounds to depart form the applicable guideline range. Even assuming that counsel's failure to raise these grounds at sentencing may constitute deficient performance in the circumstances of this case, Rosario-Rondon failed to establish prejudice. *United States v. Gormley*, 242 F. App'x 853, 855 (3d Cir. 2007) (finding that the movant "fails to demonstrate a reasonable probability that the District Court would have

lifted the proposed enhancement if his attorney had objected"). Rosario-Rondon's conclusory assertion that, had counsel raised a minor role adjustment and hardship grounds at sentencing, the resulting sentence would have been different, is insufficient to satisfy the prejudice prong because he was sentenced below the statutory maximum, pursuant to his plea agreement. *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (explaining that "[t]he likelihood of a different result must be substantial, not just conceivable"). Rosario-Rondon's attempt to challenge his sentence despite his valid waiver of appeal by couching it as an ineffective assistance of counsel claim is meritless. The Court finds that Rosario-Rondon failed to show that his counsel's performance fell below an objectively reasonable standard of representation resulting in prejudice. Accordingly, it is hereby

**ORDERED** that Rosario-Rondon's motion to vacate, set aside, or correct the sentence, pursuant to 28 U.S.C. § 2255, ECF Nos. 77, is **DENIED** without an evidentiary hearing; it is further

**ORDERED** that a certificate of appealability is **DENIED**; and it is further

**ORDERED** that a copy of this ORDER shall be docketed in *Rosario-Rondon v. USA*, Case No. 3:19-cv-0102 and that the Clerk of Court **CLOSE** that case.

**Dated:** August 11, 2023

/s/ *Robert A. Molloy*
**ROBERT A. MOLLOY**
**Chief Judge**